UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD COOPER,

    Plaintiff,

v.

INDIANA STATEHOUSE,

    Defendant.

Case No. 25-cv-11789

Honorable Robert J. White

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Ronald Cooper appears to have commenced this action under 42 U.S.C. § 1983 against the State of Indiana for, among other things, wrongfully terminating his food stamp and Medicare benefits. Before the Court is Cooper's *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

    (i) is frivolous or malicious;

>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory," "clearly baseless" facts, "a legal interest which clearly does not exist," or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Cooper alleges that the State of Indiana has been violating his "civil rights for years." (ECF No. 1, PageID.5). The State has apparently stripped him of his food stamp and Medicare benefits. (*Id.*). The problem for Cooper is that the Indiana Legislature is an arm of the State, and states are not "persons" subject to section 1983 liability. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Smith v. United States Cong.*, 840 F. App'x 31, 33 (7th Cir. 2021) (holding that the Wisconsin Legislature is "an arm of the state of Wisconsin" and is, therefore, "not a 'person' subject to suit under 42 U.S.C. § 1983.").

Insofar a Cooper challenges the deprivation of his food stamp and Medicare benefits under some provision other than 42 U.S.C. § 1983, he fails to state a plausible claim for relief because he "identifies no legal obligation or right that is at issue or that has been violated." *Lewis v. Mich. Sec'y of State*, No. 24-13249, 2024 U.S. Dist. LEXIS 229172, at *7 (E.D. Mich. Dec. 18, 2024); *see also Bennett v. Wal-Mart Inc.*, No. 22-12197, 2022 U.S. Dist. LEXIS 208751, at *4 (E.D. Mich. Nov. 17, 2022) (dismissing the complaint where the plaintiff "fail[ed] to identify which law or public policy Wal-Mart violated").[1] Accordingly,

IT IS ORDERED that Cooper's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Cooper may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

---

[1] Cooper attempts to invoke the Court's diversity jurisdiction as well. *See* 28 U.S.C. § 1332(a)(1). (ECF No. 1, PageID.3). But the parties lack complete diversity because Cooper is an Indiana citizen and he is suing the State of Indiana itself.

Dated: July 15, 2025                              s/ Robert J. White
                                                              Robert J. White
                                                              United States District Judge